INSURANCE PREMIUM TAXES — REFUNDS
The Insurance Commissioner may refund insurance premium taxes received by him under 36 O.S. 629 [36-629] (1975 upon a satisfactory showing that a particular company required to prepay taxes pursuant to said section is ceasing to do business in the State of Oklahoma. The relinquishment of the company's license to do business in the State is a necessary element of such showing with other elements thereof to be as prescribed by the Insurance Commissioner. In instances where a refund of premium tax is authorized, such refund may be paid from current collections or from the agency clearing account established by 62 O.S. 7.1 [62-7.1] (1975). Assignments of insurance premium tax credit may be made in the same instances and under the same circumstances that refunds may be authorized. The Attorney General has considered your request for opinion on the following questions: 1. Under what circumstances, if any, may the Insurance Commissioner refund insurance premium taxes received by him under 36 O.S. 629 [36-629] (1975)? 2. If a refund of premium tax is permissible, from what fund or funds is such refund to be paid and what state official is to make the payment? 3. Under what circumstances, if any, would an insurance company be permitted to 'assign' its insurance premium tax credit. Title 36 O.S. 629 [36-629] (1975) provides: "Every insurer transacting insurance in the state whose premium tax, paid with respect to the previous calendar year's premiums, was One Thousand Dollars ($1,000) or more shall make an estimate each year as provided herein and remit with each estimate a prepayment of its annual premium tax for the current calendar year equal to one-fourth (1/4) of its annual premium tax paid with respect to the previous calendar year's premiums. Estimates, with remittance, shall be made on or before April 1, June 15, September 15, and December 15, respectively. "All such sums prepaid by an insurer shall be allowed as credits against its annual return for premium tax payable on or before the last day of February; and if such sums prepaid exceed its annual premium tax payable on or before the last day of February such excess shall be allowed as credits against subsequent prepayments of the tax." (Emphasis added) As we have heretofore indicated in a memorandum opinion from this office directed to Mr. Mark H. Hain of your staff, dated December 1, 1975, Section 629 prohibits the refund of excess prepayment of taxes in instances where the possibility exists that a particular company may continue to do business in the State. In such instances, any excess prepayment should be retained by the State and applied as a credit against subsequent prepayments. We also advised in our memorandum that it would seem reasonable to refund excessive prepayments where a satisfactory showing was made that the company was withdrawing and ceasing to do business in the State and by virtue thereof, no obligation to pay taxes would arise in the future. While it is true that the legislative intent in such a situation is not clearly reflected in Section 629 as is the intent in situations where a company does continue to do business in the state, we feel it is reasonable and within the power of the Insurance Commissioner to refund excess prepayments of taxes in those instances. It is felt, however, that something more than a mere recitation of such intention to cease the conduct of business within the State is required to suffice for such a satisfactory showing. As long as the company is qualified, i.e. licensed, to do business in the State, the possibility exists that business could be transacted and tax obligations accrue. Consequently, we feel that the Insurance Commissioner must establish as a minimum criteria that any particular company seeking a refund of prepaid taxes must relinquish its license to do business in the State before a refund may be authorized. Regarding your second question, as you are aware, an agency clearing account was established for your department by legislative act in the First Regular Session of the Thirty-fourth Oklahoma Legislature, now codified at 62 O.S. 7.1 [62-7.1] (1975). Subsection (d) of Section 62 O.S. 7.1 [62-7.1](d), among other things, authorizes money to be disbursed from such fund ". . . In refund of erroneous or excessive collections and credits . . ." Accordingly, the Insurance Commissioner may refund excess payments of insurance premium taxes in instances where same is warranted from the departmental agency clearing account. Withdrawals of money from the agency clearing account are to be made in the manner prescribed in Section 62 O.S. 7.4 [62-7.4] of Title 62 O.S.Supp. 1975. Refunds may also be made from current collections. Regarding your third question, it is within the power of the Insurance Commissioner to allow assignments of insurance premium tax credits in the same instances and under the same circumstances that a refund may be authorized. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: The Insurance Commissioner may refund insurance premium taxes received by him under 36 O.S. 629 [36-629] (1975) upon a satisfactory showing that a particular company required to prepay taxes pursuant to said section is ceasing to do business in the State of Oklahoma. The relinquishment of the company's license to do business in the State is a necessary element of such showing with other elements thereof to be as prescribed by the Insurance Commissioner. In instances where a refund of premium tax is authorized, such refund may be paid from current collections or from the agency clearing account established by 62 O.S. 7.1 [62-7.1] (1975). Assignments of insurance premium tax credit may be made in the same instances and under the same circumstances that refunds may be authorized. (William Don Kiser)